UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                        CASE NO.:  8:07-cr-99-T-23TBM

JORGE ARMANDO LIZARRAGA-CACERES,
ELEAZAR CAMACHO MALDONADO,
ROBERTO GOVEO-ZARAGOZA, and
FRANCISCO PAUL VALDEZ-GONZALEZ,
ANDRES ESCOBEDO-ESTRADA
JUAN MAY-HERNANDEZ
MIGUEL CRUZ-ACOSTA
_____/

**ORDER**

Defendants Jorge Armando Lizarraga-Caceres, Eleazar Camacho Maldonado, Roberto Goveo-Zaragoza, and Francisco Paul Valdez-Gonzalez, move (Docs. 73, 81, 89, 103) to suppress certain statements by the defendants and for an evidentiary hearing.  The United States opposes suppression (Docs. 87, 88, 107, 108).  The court referred the motions to Magistrate Judge Thomas B. McCoun for an evidentiary hearing and preparation of a report and recommendation.

On May 30, 2007, and June 6, 2007, Magistrate Judge McCoun conducted evidentiary hearings on the motions.  Each hearing lasted approximately two hours.  On June 8, 2007, Magistrate Judge McCoun issued his twenty-seven page report and recommendation (Doc. 120), which urges denial of the motions to suppress.  Each

defendant timely filed objections to the report and recommendation (Docs. 126, 130, 139, 141).

Lizarraga-Caceres includes in the objections to the magistrate judge's report and recommendation and in a separate motion a request (Docs. 141, 142) that the district judge convene an evidentiary hearing to entertain "additional evidence . . . which requires further examination in the form of witness testimony of other federal agents including ERIC HOLM and WILLIAM COKER."  The objection contains no recitation of the content of the anticipated testimony of agents Holm and Coker (other than the opaque promise to "shed additional light" on the coercion issue),[1] contains no comprehensible explanation of the proposed importance of the agents' assumed testimony to any factual or legal issue presented by the motion to suppress, and contains no showing of good cause, excusable neglect, surprise, or the like as a reason for not presenting this proposed testimony to the magistrate judge (no determination of the applicable standard is necessary because no explanation appears).  In short, Lizarraga-Caceres treats the opportunity for an objection as an opportunity to unilaterally and retrospectively extend the presentation of evidence before the magistrate judge by the expedient of calling before the district judge in behalf of the motion to suppress at least a couple of more witnesses that were not called, for whatever reason, before the magistrate judge--in other words, treats an objection as an opportunity to take a second "bite at the apple."  Chapter 636 contemplates no such thing.

---

[1] Of course, agents Holm and Coker testified at the June 6th hearing on the co-defendants' motions to suppress.

Although Chapter 636 enables the district court to overturn the magistrate judge's finding of fact if the district court determines de novo that the findings are erroneous, Section "636(b)(1) permits the district court to adopt the credibility findings made by a magistrate judge without conducting a new hearing before making a final determination."  See Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1195-96 (11th Cir. 2006), reh'g and reh'g en banc denied, _____ F.3d _____, No. 04-14499 (11th Cir., December 14, 2006).  In this instance, even if not necessary, I have carefully listened to the audio recording of Lizarraga-Caceres's and Maldonado's hearing before the magistrate judge and studied all pertinent submissions in writing.  Upon de novo review I find the magistrate judge's findings of fact and conclusions of law fully supported by the record and by pertinent legal authority.[2]  Lizarraga-Caceres's and Maldonado's objections (Docs. 126, 141) are **OVERRULED**, the magistrate judge's report and recommendation as to Lizarraga-Caceres and Maldonado (Doc. 120) is **ADOPTED**, the motions to suppress (Docs. 73, 81) are **DENIED**, and the motion to schedule another evidentiary hearing (Doc. 142) is **DENIED**.

In addition to listening to the audio recording noted above, I also listened to the audio recording of Roberto Goveo-Zaragoza's and Francisco Paul Valdez-Gonzalez's hearing before the magistrate judge and studied all pertinent submissions in writing.  Upon de novo review I find the magistrate judge's findings of fact and conclusions of law fully supported by the record and by pertinent legal authority.  Goveo-Zaragoza's and

---

[2] The four defendants argue that the advice of rights form (United States Exhibit 1 at both hearings), which states "De no poder pagar los servicios de un abogado, y si usted lo desea, se le nombrará uno antes de hacerle cualquier pregunta," fails to inform the defendant that an attorney is available without cost and on demand.  This tortured and sophistic argument is **REJECTED** as meritless.

- 3 -

Valdez-Gonzalez's objections (Docs. 130, 139) are **OVERRULED**, the magistrate judge's report and recommendation as to Goveo-Zaragoza and Valdez-Gonzalez (Doc. 120) is **ADOPTED**, and the motions to suppress (Docs. 89, 103) are **DENIED**.

Andres Escobedo-Estrada, Roberto Goveo-Zaragoza, Juan May-Hernandez, and Miguel Cruz-Acosta move (Docs. 132, 133, 137, 138) to adopt co-defendant Francisco Paul Valdez-Gonzalez's motion to continue the trial (Doc. 129). The motions to adopt are **GRANTED**.

Valdez-Gonzalez's motion to continue the trial (Doc. 129) and Lizarraga-Caceres's motion to continue trial (Doc. 140) are **DENIED**.

Valdez-Gonzalez's motion (Docs. 101, 102) to extend the deadline within which to file pre-trial motions is **DENIED as MOOT**.

Eleazar Camacho Maldonado and Jorge Armando Lizarraga-Caceres move (Docs. 136, 143) to adopt co-defendant Francisco Valdez-Gonzalez's motion "for relief from prejudicial joinder" (Doc. 135). The motions to adopt are **GRANTED**.

ORDERED in Tampa, Florida, on June 21, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE